IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ESTATE OF BETTY EARL MOORE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-1789-L-BW** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

On December 8, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13) was entered, recommending that the court grant Defendant Wells Fargo, N.A.'s Rule 12(c) Dismissal Motion ("Motion") (Doc. 4), filed September 5, 2025. The magistrate judge recommends dismissing with prejudice this action because any claims by Plaintiff under Texas law that are premised on wrongful foreclosure fail as a matter of law in light of Plaintiff's admission that no foreclosure has occurred yet.

Plaintiff, who is represented by counsel, filed a response to the Motion but did not seek to file an Amended Complaint; nor did it file objections to the Report, and the deadline for doing so has expired. According to the Report, Plaintiff accepts that dismissal of this action may be appropriate but assures the court that the lawsuit was brought in good faith and not for the purpose of delay, and it requests that dismissal be without prejudice. To this, the magistrate judge reasoned that Plaintiff's request is:

> seemingly based on a mistaken belief that dismissal with prejudice would "effectively" preclude it from pursuing legal action against Wells Fargo based on claims of wrongful foreclosure or other causes of action that might accrue in the future. . . . The Estate, however, brought a claim against Wells Fargo f[or] wrongful foreclosure based on allegations of a past foreclosure that did not occur [yet]. As explained above, the Estate's claim fails as a matter of law, and amendment would

**Order – Page 1**

   be futile here, as the Estate cannot cure through amendment its inability to allege that foreclosure had occurred. Dismissal with prejudice is therefore appropriate.

Report 6 (citation omitted).

  Considering this reasoning by the magistrate judge, the arguments urged by Defendant, and the concession by Plaintiff, the court determines that any claims or requests for relief by Plaintiff that are premised on wrongful foreclosure or foreclosure proceedings that have yet to take place are *premature or not ripe*. Ripeness goes to the court's jurisdiction to hear a case. Under Article III of the Constitution, federal courts are confined to adjudicating "cases" and "controversies." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714-15 (5th Cir. 2012). To satisfy the case or controversy requirement for Article III jurisdictional purposes, the litigation "must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). In other words, "ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Shields*, 289 F.3d at 835. As explained by the Fifth Circuit:

> A court should dismiss a case for lack of "ripeness" when the case is abstract or hypothetical. The key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987) (internal citations omitted). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

  Plaintiff's claims here are not yet ripe because certain events have yet to occur and require further factual development. The court, therefore, agrees with Plaintiff that this action and the claims asserted by it in this action should be dismissed without prejudice for lack of ripeness in

**Order – Page 2**

light of Plaintiff's acknowledgement that no foreclosure, wrongful or otherwise, has occurred yet. *See Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 239 (5th Cir. 2018) (affirming judgment as modified to reflect dismissal without prejudice of unripe claims).

Having considered the Motion, briefs, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct as **supplemented and modified**, and the court **accepts** them as **supplemented and modified**. The court, therefore, **grants** Defendant's Motion (Doc. 4), but, for the reasons explained, it **construes** Defendant's Motion as a request to dismiss this action on ripeness grounds and **dismisses without prejudice** this action and all claims asserted by Plaintiff for lack of Article III jurisdiction.

**It is so ordered** this 12th day of February, 2026.

_____
Sam A. Lindsay
United States District Judge

Order – Page 3